FILED

MAR 20 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ECTOR DRUM, INC. d/b/a LONESTAR DRUM,<br>CARL RANDLE BEARD,<br>SANDRA KAY BEARD,<br>4.5 ACRES OF LAND, MORE OR LESS,<br>LOCATED AT 2604 NORTH MARCO<br>AVENUE, ODESSA, ECTOR COUNTY, TEXAS,<br>BB CHEMICALS, INC.,<br>CONTINENTAL PRODUCTS OF TEXAS,<br>ENERGY INTERMEDIATES, INC.<br>HESS CORPORATION,<br>KEL TECH, INC.,<br>MONACHEM, INC.,<br>NOVASTAR L.P.,<br>PERFORMANCE CHEMICAL COMPANY<br>TETRACO, LLC, and<br>WAGNER SUPPLY CO., INC.<br><br>　　　　　　　　Defendants. | Civil Action No. 7:20-cv-00074<br><br>Judge |

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil environmental enforcement action brought by the United States against the above-named defendants (collectively, "Defendants") pursuant to Sections 107(a) and 107(*l*) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9607(*l*), regarding the Ector Drum Inc. Superfund Site, located at 2604 North Marco Avenue, Odessa, Ector County, Texas (the "Site"). EPA incurred over three million dollars in response costs at the Site.

2. The United States seeks to recover against Defendants certain unreimbursed costs incurred for response activities undertaken in response to the release or threatened release of hazardous substances from the Site pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3. The United States seeks recovery *in rem* of all costs constituting the lien of the United States pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), against the combined 4.5 acres of land, more or less, located at 2604 North Marco Avenue, Odessa, Ector County, Texas ("4.5 Acres of Land").

## JURISDICTION, VENUE, AUTHORITY AND NOTICE

4. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

5. This Court has jurisdiction *in rem* over 4.5 Acres of Land pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), 28 U.S.C. § 1655, and Federal Rule of Civil Procedure 4(n).

6. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. §§ 1391 and 1395, because these claims arise in connection

with releases or the threat of releases of hazardous substances from the Site, which is located in this district.

7. Venue is proper in this judicial district for the *in rem* claim against 4.5 Acres of Land pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), and 28 U.S.C. § 1391(b), because 4.5 Acres of Land is located, and the removal action at the Site occurred, in this district.

## **DEFENDANTS**

8. Defendant Ector Drum, Inc. ("Ector Drum"), is or was a corporation organized and incorporated under the laws of the State of Texas, with Texas Secretary of State records showing its principal place of business and mailing address as 2525 North Marco Avenue, Odessa, Texas 79762. Subject to reasonable opportunity for further investigation or discovery, Ector Drum's last principal place of business and mailing address was 2604 North Marco Avenue, Odessa, Texas 79762.

9. Defendant Ector Drum is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. Subject to reasonable opportunity for further investigation or discovery, Ector Drum's corporate charter was forfeited by the State of Texas on February 10, 2012, and has not been reinstated.

11. Ector Drum's registered agent is Defendant Carl Randle Beard, also known as Randy Beard.

12. Carl Randle Beard is the Vice President, registered agent, and a Principal of Ector Drum.

13. Sandra Kay Beard is the Secretary and a Principal of Ector Drum.

14. Subject to reasonable opportunity for further investigation or discovery, Carl Randle Beard and Sandra Kay Beard are the only officers of Ector Drum.

15. Ector Drum owns three of the four parcels of which the Site is comprised. Ector Drum owns the following parcels:

> Parcel R100030121, with the Ector County Appraisal District Account Number: 18100.00490.00000, conveyed to Ector Drum by Warranty Deed 13727 on November 15, 1997.
>
> Parcel R100030120, with the Ector County Appraisal District Account Number: 181.00480.00000, conveyed to Ector Drum by Warranty Deed 13727 on November 15, 1997.
>
> Parcel R100064364, with the Ector County Appraisal District Account Number: 18100.00472.00000, conveyed to Ector Drum by Assumption Warranty Deed 12476 on July 1, 1988.

16. Carl Randle Beard is a resident of the State of Texas.

17. Carl Randle Beard is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

18. Carl Randle Beard managed and directed the actions of Ector Drum.

19. Sandra Kay Beard is a resident of the State of Texas.

20. Sandra Kay Beard is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. Carl Randle Beard and Sandra Kay Beard (collectively, "the Beards") own one of the four parcels of which the Site is comprised. The Beards own parcel R100064365, with the Ector County Appraisal District Account Number: 18100.00472.01000, conveyed to the Beards by Special Warranty Gift Deed 2012-00001774 on January 20, 2012.

22. *In rem* Defendant 4.5 Acres of Land is comprised of parcels R100064365, R100064364, R100030120, and R100030121 in Ector County, Texas.

23. Defendant BB Chemicals Inc. is a corporation organized under the laws of the State of Louisiana.

24. Defendant BB Chemicals Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

25. Defendant Continental Products of Texas is a corporation organized under the laws of the State of Texas.

26. Defendant Continental Products of Texas is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

27. Defendant Energy Intermediates, Inc. is a corporation organized under the laws of the State of Texas.

28. Defendant Energy Intermediates, Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

29. Defendant Hess Corporation is a corporation organized under the laws of the State of Delaware.

30. Defendant Hess Corporation is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

31. Defendant Kel Tech, Inc. is a corporation organized under the laws of the State of Texas.

32. Defendant Kel Tech, Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

33. Defendant Monachem, Inc. is a corporation organized under the laws of the State of Texas.

34. Defendant Monachem, Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

35. Defendant Novastar L.P. is a corporation organized under the laws of the State of Texas.

36. Defendant Novastar L.P. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21)

37. Defendant Performance Chemical Company is a corporation organized under the laws of the State of Texas.

38. Defendant Performance Chemical Company is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

39. Defendant Tetraco, LLC is a corporation organized under the laws of the State of Texas.

40. Defendant Tetraco, LLC is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

41. Defendant Wagner Supply Co., Inc. is a corporation organized under the laws of the State of Texas.

42. Defendant Wagner Supply Co., Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

43. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a); 9601(25).

44. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

6

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

45. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

46. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a):

> (1) [T]he owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [or]
>
> (3) any person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, . . .
>
> shall be liable for—
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

47. Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), provides in pertinent part:

> (1) In general
>
> All costs and damages for which a person is liable to the United States under subsection (a) of this section . . . shall

>       constitute a lien in favor of the United States upon all real
>       property and rights to such property which --
>
>       (a) belong to such person; and
>
>       (b) are subject to or affected by a removal or remedial action.
>
>   (2) Duration
>
>       The lien imposed by this subsection shall arise at the later of the following:
>
>       (a) The time costs are first incurred by the United States with respect to a response under this chapter.
>
>       (b) The time that the person referred to in paragraph (l) is provided (by certified or registered mail) written notice of potential liability.
>
>   (4) Action *in rem*
>
>       The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred

48. The National Contingency Plan ("NCP") provides the "procedures and standards for responding to releases of hazardous substances, pollutants, and contaminants . . . ." 42 U.S.C. § 9605. The NCP is codified at 40 C.F.R. Part 300.

49. Liability to the government under Section 107 of CERCLA, 42 U.S.C. § 9607, is strict, and joint and several.

## GENERAL ALLEGATIONS

50. The Ector Drum Superfund Site is the location of Ector Drum's inactive and abandoned used drum refurbishing operation that operated from 1988 until 2011.

51. Ector Drum's operations involved acquiring used 55-gallon drums and other containers, many containing hazardous wastes, so that the drums and containers could be cleaned, repaired, repainted and sold.

52. Subject to a reasonable opportunity for further investigation or discovery, the Beards managed, directed, or conducted operations related to the leakage or disposal of hazardous wastes, or decisions about compliance with environmental regulations at the Site prior to abandoning the Site.

53. On July 25, 2014 the Texas Commission on Environmental Quality ("TCEQ") received a complaint alleging that contaminated storm water was discharging from the Site.

54. The Site contained large amounts of industrial and hazardous wastes that were stored in drums. Many of the drums were visibly leaking, opened, or overturned with their contents spilled onto the ground.

55. Sacks of chemicals and opened or overturned drums were exposed to the elements and contaminants from the Site were being transported offsite by storm water runoff.

56. The drinking water from the well located on Site was contaminated.

57. Numerous on-Site fires in recent years were reported to TCEQ by Carl Randle Beard.

58. The fence surrounding the Site was breached in several locations, allowing trespassers to access the Site.

59. TCEQ referred the Site to EPA to conduct a removal action to remediate the soil and well water contamination and to mitigate the threat of future releases at the Site.

60. In August, 2015, EPA personnel began a removal assessment of the Site. Approximately 15,500 drums, in various states of deterioration were observed.

61. Analysis of samples taken at the Site identified the presence of CERCLA hazardous substances, including CERCLA-listed hazardous substances arsenic, lead, zinc, and benzene. 40 C.F.R. § 302.4, Table 302.4.

62. EPA hazard-categorization testing found several different liquids from drums and other containers that were characteristic hazardous substances based on the characteristic of flammability. 40 C.F.R. § 302.4(b).

63. Based on the removal assessment and referral from TCEQ, EPA determined that an emergency time-critical removal action was warranted to address the presence of hazardous substances at the Site.

64. In August 2015, EPA began an emergency time-critical removal action, including securing the Site, sampling various media, removing drums containing hazardous substances, cleaning-up of chemical storage and process areas, addressing contaminated ground water, and the off-site disposal of materials removed from the Site.

65. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

66. At times relevant to this action, there were "releases" or threats of "releases" of hazardous substances into the environment at or from the Site within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

67. The substances found at the Site, including arsenic, lead, zinc, benzene, and flammable substances, were and are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

68. EPA's actions at the Site constitute a "response" action within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

69. In undertaking response actions to address the release or threat of release of hazardous substances the Site, EPA has incurred response costs of at least $3,045,033.29, plus interest. EPA continues to incur such costs.

70. The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the NCP.

71. On March 10, 2016, EPA sent a letter notifying Ector Drum of its potential liability for the removal action at the Site and demanding payment for response costs incurred at the Site plus interest, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). The Defendant did not pay.

72. On March 10, 2016, EPA sent a letter notifying the Beards of their potential liability for the removal action at the Site and demanding payment for response costs incurred at the Site plus interest, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). The Defendants did not pay.

73. On April 27, 2016, EPA sent a letter notifying Ector Drum of the federal lien placed on its property (Ector County parcels R100064364, R100030120, and R100030121) pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*).

74. On April 27, 2016, EPA sent a letter notifying the Beards of the federal lien placed on their property (Ector County parcel R100064365) pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*).

75. Defendant BB Chemicals Inc. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, BB Chemicals is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

76. Defendant Continental Products of Texas owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for

disposal. As a result, Continental Products of Texas is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

77. Defendant Energy Intermediates, Inc. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Energy Intermediates, Inc. is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

78. Defendant Hess Corporation owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Hess Corporation is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

79. Defendant Kel Tech, Inc. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Kel Tech, Inc. is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

80. Defendant Monachem, Inc. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Monachem, Inc. is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

81. Defendant Novastar L.P. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or

arranged for the transportation of such substances to the Site for disposal. As a result, Novastar L.P. is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

82. Defendant Performance Chemical Company owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Performance Chemical Company is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

83. Defendant Tetraco, LLC owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Tetraco, LLC is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

84. Defendant Wagner Supply Co., Inc. owned or possessed hazardous substances, and by contract, agreement, or otherwise, arranged for the disposal of such substances at the Site or arranged for the transportation of such substances to the Site for disposal. As a result, Wagner Supply Co., Inc. is liable in this action under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

85. On September 28, 2017, EPA sent General Notice letters to BB Chemicals Inc.; Continental Products of Texas; Energy Intermediates, Inc.; Hess Corporation; Kel Tech, Inc.; Monachem, Inc.; Novastar L.P.; Performance Chemical Company; Tetraco, LLC; and Wagner Supply Co., Inc, informing them of their potential liability for the removal action at the Site and demanding payment for response costs incurred at the Site plus interest, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). The Defendants did not pay.

## FIRST CAUSE OF ACTION
### Reimbursement of Response Costs – Against Ector Drum, Inc.
### 42 U.S.C. § 9607(a)

86. All paragraphs of the Complaint are incorporated herein by reference.

87. Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as the current owner of the facility, Defendant Ector Drum, Inc. is jointly and severally liable to the United States for all unreimbursed costs incurred by the United States in connection with the Site, including enforcement costs.

88. Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Ector Drum is jointly and severally liable to the United States for all unreimbursed costs incurred by the United States in connection with the Site, including enforcement costs, as the owner or operator of the Site at the time that hazardous substances were disposed of at the Site.

## SECOND CAUSE OF ACTION
### Reimbursement of Response Costs – Against Carl Randle and Sandra Kay Beard
### 42 U.S.C. § 9607(a)

89. All paragraphs of the Complaint are incorporated herein by reference.

90. Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as the current owners of the facility, Carl Randle Beard and Sandra Kay Beard are jointly and severally liable to the United States for all unreimbursed costs incurred in connection with the Site, including enforcement costs.

91. Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Carl Randle Beard and Sandra Kay Beard are jointly and severally liable to the United States for all unreimbursed costs incurred by the United States in connection with the Site, including enforcement costs, as the owners or operators of the Site at the time that hazardous substances were disposed of at the Site.

## THIRD CAUSE OF ACTION
Recovery *In Rem* – Against 4.5 Acres of Land
42 U.S.C. § 9607(*l*)

92. All paragraphs of the Complaint are incorporated herein by reference.

93. Pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), the costs incurred by the United States in this matter constitute a CERCLA lien upon the real property that is subject to or affected by the response actions taken by EPA with respect to the Site, 4.5 Acres of Land.

94. Pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), the costs constituting the lien may be recovered in an action *in rem* before this Court.

## FOURTH CAUSE OF ACTION
Reimbursement of Response Costs – Against CBB Chemicals, Inc.; Continental Products of Texas; Energy Intermediates, Inc.; Hess Corporation; Kel Tech, Inc.; Monachem, Inc.; Novastar L.P.; Performance Chemical Company; Tetraco, LLC; and Wagner Supply Co.
42 U.S.C. § 9607(a)(3)

95. Pursuant to 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as an arranger for the disposal of hazard wastes, Defendants BB Chemicals, Inc.; Continental Products of Texas; Energy Intermediates, Inc.; Hess Corporation; Kel Tech, Inc.; Monachem, Inc.; Novastar L.P.; Performance Chemical Company; Tetraco, LLC; and Wagner Supply Co. are jointly and severally liable to the United States for all unreimbursed costs incurred in connection with the Site, including enforcement costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

A. Find Defendants Ector Drum, Carl Randle Beard, Sandra Kay Beard, BB Chemicals Inc., Continental Products of Texas, Energy Intermediates, Inc., Hess Corporation, Kel Tech, Inc., Monachem, Inc., Novastar L.P., Performance Chemical Company, Tetraco, LLC, and Wagner Supply Co., Inc., jointly and severally liable and order those Defendants to

reimburse the United States for all response costs incurred by the United States in connection with the Site, including all enforcement costs and interest, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

  B. Order that Defendant 4.5 Acres of Land be sold and that proceeds from such sale be paid to the United States in reimbursement of response costs;

  C. Award the United States its enforcement costs, including attorney fees, costs and disbursements in this action; and

  D. Grant the United States any further and other relief that this Court may deem appropriate.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

THOMAS A. MARIANI, JR
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: 03/16/2020

/S/ Asia McNeil-Womack
ASIA MCNEIL-WOMACK (Ga Bar #821002)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 305-0544

Of Counsel:
James E. Costello
Practice Group Leader (6RC-S)
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500
Dallas, Texas 75270